UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Mardelle D. Jerde, Bennie Lee, Jennifer M. Campos and Michael Campos f/k/a Miguel Campos, Sheldon Joppru and Kay Joppru, Dwight Bradley Reisenauer and Michelle Christine Reisenauer, Akom Lero and Abang Gowi, Donna M. Habeck and Kenneth G. Habeck, Darren J. Carlson and Kristel L. Carlson, Justin R. Herzog and Ciara D. Herzog, Derek A. Melichar and Melissa J. Melichar, Jeffrey D. Robinson and Debra L. Robinson, and John E. Norris, | Civil No. 11-2666 (PAM/FLN) |
| Plaintiffs, | |
| v. | **MEMORANDUM AND ORDER** |
| JPMorgan Chase Bank, N.A., Chase Home Finance, LLC, Mortgage Electronic Registration Systems, Inc., Wells Fargo Bank, N.A., Federal National Mortgage Assocation, MERSCORP, Inc., and Shapiro & Zielke, LLP, | |
| Defendants. | |

This matter is before the Court on Defendants' Motions to Dismiss and Plaintiffs' Motion to Remand. For the reasons that follow, the Motion to Remand is denied and the Motions to Dismiss are granted.

**BACKGROUND**

The 21 individual Plaintiffs in this case own homes in various places in Minnesota, including Chisago, Scott, Washington, Hennepin, Anoka, and Dakota Counties. One or more of the Defendants hold mortgages on Plaintiffs' homes, and Plaintiffs apparently have defaulted on these mortgages. Plaintiffs claim that Defendants do not have valid title to the original notes for their mortgages and, as such, cannot foreclose. Essentially, Plaintiffs are challenging the legality of the mortgage securitization system. As Defendants note, Plaintiffs' theory has been rejected by every court to consider it, including the Minnesota Supreme Court. Plaintiffs' counsel has brought no fewer than 15 similar lawsuits in this District, all alleging that Defendants had no right to foreclose on their mortgages because Defendants do not hold the original notes. At least three of the cases have already been dismissed. Murphy v. Aurora Loan Servs., LLC, Civ. No. 11-2750 (D. Minn. Jan. 12, 2012) (Montgomery, J.); Larsen v. Bank of America, Civ. No. 11-1775, 2011 WL 6065426 (D. Minn. July 21, 2011) (Davis, C.J.); Butler v. Bank of America, N.A., Civ. No. 11-461, 2011 WL 2728321 (D. Minn. July 13, 2011) (Frank, J.). In all of these cases, as here, the defendants removed the case to federal court claiming that the only non-diverse defendant, a local law firm or the county sheriff, for example, was fraudulently joined, and the plaintiffs moved to remand. In dismissing the cases listed above, each Judge determined that joinder of the non-diverse defendant was fraudulent and denied the plaintiffs' remand request.

Plaintiffs' Amended Complaint (Docket No. 10) contains 13 counts. Count I is a claim for "quiet title" against the bank Defendants (JPMorgan Chase Bank LLC and Chase

Home Finance, LLP (collectively "JPMorgan Chase"), Mortgage Electronic Registration Systems, Inc. ("MERS"), Wells Fargo Bank, N.A., Federal National Mortgage Assocation ("Fannie Mae"), and MERSCORP, Inc.). Count II contends that these bank Defendants "Are Not Real Parties in Interest," and Count III contends that they "Do Not Have Legal Standing to Foreclose Mortgages."[1] (Am. Compl. at 22, 23.) Count IV claims slander of title, Count V claims conversion, Count VI claims unjust enrichment, Count VII claims a civil conspiracy, Count VIII claims a breach of fiduciary duty, Count IX claims fraud, Count X claims negligent misrepresentation, Count XII claims equitable estoppel, and Count XIII seeks an accounting, all against the bank Defendants. Several of these causes of action are also brought against Shapiro & Zielke, LLC, the law firm that allegedly effectuated the illegal foreclosures: Counts IV, V, VII, X, and XII.

Plaintiffs assert only one cause of action against Shapiro & Zielke alone. Count XI (misnumbered Count XIV) claims the law firm committed fraud by "conduct[ing] false and fraudulent non-judicial foreclosures" because the firm did not verify "that the mortgage assignee was the actual owner of Plaintiffs' debt and/or the holder of Plaintiffs' Original Note." (Am. Compl. ¶¶ 136, 137.)

---

[1] As the Honorable Ann D. Montgomery of this District recently noted, these two claims "are not causes of action in Minnesota." Murphy v. Aurora Loan Servs., LLC., Civ. No. 11-2750, slip op. at 6 (D. Minn. Jan. 12, 2012). The Court will therefore dismiss these claims without further discussion.

**DISCUSSION**

**A.     Motion to Remand**

Plaintiffs have moved to remand the action, contending that the Court lacks diversity jurisdiction over the matter because Shapiro & Zielke is a proper Defendant and not diverse from Plaintiffs.

Fraudulent joinder occurs when a plaintiff files "a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal." Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 809 (8th Cir. 2003). Every Court in this District to have considered the situation presented here has concluded that "there is no reasonable basis in fact and law supporting a claim against the resident defendants." Id. at 810.

Plaintiffs' claims against the law firm are that the law firm had a duty to ensure that its clients were actually entitled to foreclose on Plaintiffs' homes and that it misrepresented the legal standing of its clients to foreclose. But there is no basis in fact or law to infer any legal duty between the law firm and Plaintiffs here. Moreover, attorneys are, in the main, immune from actions taken within the scope of the employment relationship unless those actions amount to "active steps" to conceal a fraud. L&H Airco, Inc. v. Rapistan Corp., 446 N.W.2d 372, 380 (Minn. 1989). No such active steps are alleged here.

Finally, and as discussed more fully below, Plaintiffs' claims against the law firm fail because their claims against all Defendants fail. As the Minnesota Supreme Court held more than two years ago, a mortgagee need not have an interest in a promissory note to foreclose on a mortgage. Jackson v. Mortg. Elec. Registration Sys., Inc., 770 N.W.2d 487 (Minn.

4

2009). Thus, whether or not Defendants are in possession of the actual promissory note is beside the point; if they are the legal holders of the underlying security interest (the mortgage), they are entitled to foreclose.

There is no reasonable basis supporting a claim against Shapiro & Zielke and, as such, the Motion to Remand must be denied and Shapiro & Zielke dismissed as fraudulently joined. The Court may thus exercise diversity jurisdiction over this matter.

**B.     Motions to Dismiss**

**1.     Standard of Review**

For purposes of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court takes all facts alleged in the complaint as true. See Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). The Court must construe the factual allegations in the complaint and reasonable inferences arising from the complaint favorably to the plaintiff and will grant a motion to dismiss only if "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986) (citations omitted). The complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**2.     Merits**

Plaintiffs' contentions can be summed up in this allegation from the Amended Complaint: "Because Defendant has no right, title or interest in [Plaintiff's] Original Note, Defendant cannot exercise rights in the security instrument securing payments in the Original Note." (Am. Compl. ¶ 46.) In other words, despite their lengthy protestations to the contrary

5

in their memoranda in opposition to the Motions to Dismiss, Plaintiffs' argument is that Defendants do not own the notes for Plaintiffs' mortgages and thus cannot foreclose on those mortgages.

Plaintiffs highlight findings by the Comptroller of Currency that some of the Defendants here initiated foreclosure proceedings without insuring that the mortgage documents were properly endorsed or assigned. But, again, Plaintiffs have no evidence that this is what happened to them. They do not allege that they did not properly enter into the mortgages on which the banks are foreclosing. Rather, they ask the Court to infer from the Comptroller's findings that all mortgages to which JPMorgan Chase or Wells Fargo are parties are somehow faulty. This inference is not appropriate. To allow these patently meritless claims to go forward would merely encourage all defaulting homeowners to file similar suits, engaging in fishing expeditions to see if, possibly, there is some defect in their mortgage that prevents the bank from foreclosing.

The legal foundation for Plaintiffs' argument is simply incorrect. As the Eighth Circuit recently stated, "the right to enforce a mortgage through foreclosure by advertisement lies with the legal, rather than equitable, holder of the mortgage." Stein v. Chase Home Finance, LLC, 662 F.3d 976, 980 (8th Cir. 2011). The legal holder of a mortgage is the holder of the mortgage itself; the holder of the note is the equitable holder of the mortgage. Thus, it is irrelevant whether Defendants can establish that they hold the notes; there is no dispute that Defendants hold the mortgage instruments and are therefore entitled to foreclose on Plaintiffs' properties.

All of Plaintiffs' other arguments are similarly without merit. For instance, Plaintiffs have alleged no defect in the mortgage instrument, such as forgery or the like, and thus have no legal support for their claim that Defendants are not holders in due course of the notes. In addition, it is irrelevant whether Defendants are "holders in due course" or have any other interest in the notes, as discussed above. Plaintiffs' Amended Complaint fails to state a claim on which relief can be granted and must be dismissed.

**CONCLUSION**

Plaintiffs' claims are patently meritless, and border on frivolous. Dismissal of those claims is therefore appropriate. Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiffs' Motion to Remand (Docket No. 30) is **DENIED**;

2. The Motion to Dismiss filed by Chase Home Finance, LLC, Federal National Mortgage Association, JPMorgan Chase Bank, N.A., MERSCORP, Inc., and Mortgage Electronic Registration Systems, Inc. (Docket No. 15) is **GRANTED**;

3. Shapiro & Zielke's Motion to Dismiss (Docket No. 17) is **GRANTED**;

4. Wells Fargo Bank, N.A.'s Motion to Dismiss (Docket No. 19) is **GRANTED**; and

       5.       The Amended Complaint (Docket No. 10) is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   January 23, 2012

                                            *s/Paul A. Magnuson*
                                            Paul A. Magnuson
                                            United States District Court Judge